CINCINNATI BAR ASSOCIATION *v.* DIEHL.

[Cite as *Cincinnati Bar Assn. v. Diehl,*
105 Ohio St.3d 469, 2005-Ohio-2817.]

470

**Per Curiam.**

{¶ 1} Respondent, Drew S. Diehl, of Cincinnati, Ohio, Attorney Registration No. 0024802, was admitted to the practice of law in Ohio in 1982. On August 11, 2003, relator, Cincinnati Bar Association, charged respondent with various violations of the Code of Professional Responsibility. Respondent answered the complaint, admitting all allegations. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' joint stipulations of fact and recommended sanction and made findings of misconduct and a recommendation, which the board adopted.

### Misconduct

{¶ 2} In April 2000, respondent agreed to succeed a retiring attorney as executor of an estate. The estate had only one beneficiary.

{¶ 3} On August 20, 2002, respondent received a $5,084.55 check on behalf of the estate from the State Auditor's Office. The check represented unclaimed funds from a Cincinnati Gas & Electric Company bond and was made payable to the former executor. Because respondent had already closed the estate checking account, respondent had the former executor endorse the check to respondent's Interest on Lawyer Trust Accounts ("IOLTA") account. On August 21, 2002, respondent left a telephone message for the beneficiary that he would be sending her a check soon.

{¶ 4} On August 27, 2002, respondent deposited the auditor's check in his IOLTA account. From September 4, 2002, to November 16, 2002, respondent wrote himself 11 checks totaling $5,060 from his IOLTA account. Respondent used the funds to cover personal and business expenses, including his mortgage payment, a tuition payment, and office rent.

{¶ 5} In March 2003, respondent telephoned the former executor's secretary and told her that he intended to send a letter confirming that he had converted estate funds. The secretary promptly reported respondent's confession to relator and then told respondent of her report. Respondent promptly called relator's counsel and admitted his theft. On April 1, 2003, respondent borrowed money from another attorney, deposited the funds into his IOLTA account, and issued a check in the amount of $5,084.55 to the estate beneficiary.

{¶ 6} In addition to the above violations, respondent also admitted that he had failed to register as required by Gov.Bar R. VI(1)(A) with the Office of Attorney

Registration for the biennium periods of September 2001 through August 2003 and September 2003 through August 2005. Also, on January 27, 2003, respondent was sanctioned for not maintaining, as required by Gov.Bar R. X, his continuing-legal-education credits for the 2000–2001 reporting period. 98 Ohio St.3d 1426, 2003-Ohio-318, 782 N.E.2d 583. Finally, respondent also failed to maintain professional-liability insurance and did not notify his client of this fact.

{¶ 7} Consistent with the stipulations, the board found that respondent had violated DR 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–104(A) (requiring an attorney to disclose to clients that he does not carry professional-liability insurance in required amounts), 3–101(B) (barring an attorney from practicing law in violation of professional regulations), and 7–101(A)(3) (barring an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship).

## Sanction

{¶ 8} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating circumstances of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). In mitigation, the board found that respondent had no prior disciplinary record, had made full and timely restitution to his client, and had cooperated fully in the disciplinary process. BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). Respondent has also entered into a three-year contract with the Ohio Lawyers Assistance Program, Inc. ("OLAP") for treatment for his depression, which the parties stipulated had contributed to respondent's misconduct. In aggravation, the board found that respondent had acted with a dishonest and selfish motive by using client funds to pay his personal expenses. BCGD Proc.Reg. 10(B)(1)(b).

{¶ 9} As a sanction for his misconduct, the board recommended, consistent with the parties' stipulations, that respondent receive a two-year suspension, with 18 months of the suspension stayed on the conditions that (1) respondent comply with all terms of his current and any subsequent OLAP contracts and (2) he be placed on probation during the 18–month stay, in accordance with the monitoring and other procedures in Gov.Bar R. V(9).

{¶ 10} Upon review, we agree that respondent violated DR 1–102(A)(4), 1–104(A), 3–101(B), and 7–101(A)(3) as found by the board. We also agree that a two-year suspension, with 18 months stayed on conditions, is appropriate.

{¶ 11} Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years; however, 18 months of this suspension are stayed on the

conditions that (1) he comply with all terms of his current and any subsequent OLAP contracts and (2) he be placed on probation during the 18-month stay in accordance with the monitoring and other procedures specified in Gov.Bar R. V(9). If respondent violates the conditions of the stay, the stay shall be lifted, and respondent shall serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Richard H. Johnson and Ernest F. McAdams Jr., for relator.

Thomas L. Cuni, for respondent.

